In the Matter of the Claim of LOUIS BARTOSIK, Respondent, against D. & K. FIBRE COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.—Appeal from an award of the Industrial Board in favor of claimant, a minor. Claimant, while employed as an operator of a machine in a factory of the employer, sustained an injury to his right arm necessitating amputation below the elbow, whereby he suffered eighty-five per cent permanent loss of use of said arm. The Board found that claimant's wage earning capacity would be expected to increase to the sum of twenty-five dollars per week. The appellants assert that there is no evidence in the record justifying this finding. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of EVA GODDARD, Respondent, against TAYLOR INSTRUMENT COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Deceased was employed at Rochester, N. Y., as a salesman for about ten years. He was injured in an airplane accident in Ohio, in which State he traveled. The main plant of the employer was in Rochester, where he was hired and received his pay, and to which he came from time to time for instruction. Compensation insurance was paid on deceased in the State of New York. His work was mostly in Ohio, and he was carried on the payroll in Rochester office and received his pay checks there. It is the contention of the appellants that the employment of deceased was in the State of Ohio and that claim for death benefits is not covered by the Workmen's Compensation Law of the State of New York. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of BESSIE BACHER, Respondent, against HERSCHKO-WITZ BROS. & LOWENTHAL and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is a review of an award of death benefits to a widow and minor children. The questions presented are accident and causal relation. The proof shows that the deceased workman was a foreman in the shipping department of his employers, who were jobbers in the business of dried fruit and nuts. On November 24, 1933, deceased, while assisting some of the employees and while lifting a bag of nuts weighing about 110 pounds, which was not his regular work, strained himself and immediately collapsed and died two days later from coronary thrombosis. The evidence sustains the finding of accidental injury and the medical testimony establishes that death resulted therefrom. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of RAYMOND MILLER, Respondent, Appellant, against LISK MANUFACTURING COMPANY and Another, Appellants, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Employer and carrier appeal from an award in favor of claimant and claimant appeals from the decision of the Board in so far as said decision denies claimant's application for the imposition of a penalty of twenty per cent upon the award herein and in so far as said decision denied claimant's motion to dismiss the application of the carrier-appellant for a review of the award. The injuries to claimant are alleged to have been caused by a fall on an icy stairway. The carrier and employer disputed the alleged injury and the effects thereof and sought upon the hearing to question claimant's physician as to what claimant said to said physician concerning the injury. The physician refused to answer. The employer and carrier assert that they were prejudiced thereby. Award unani-